## THE PEOPLE *v.* ABELLA.

### APPEAL from the District Court of Humacao.

No. 484.—Decided December 17, 1912.

CRIMINAL LAW—APPROVAL OF STATEMENT OF CASE—DUTY OF TRIAL JUDGE—APPEAL—BILL OF EXCEPTIONS.—In certifying to a statement of the case the judge should state that he approves it because the facts set forth therein conform to those which transpired in the course of the trial and because it contains all the evidence introduced at the trial as well as the exceptions noted, if it is to be filed by the appellant both as a statement of the case and bill of exceptions.

ID.—APPEAL—CONTRADICTORY EVIDENCE.—When the evidence is contradictory the findings of the trial court will be respected by this court unless it is shown that the trial court was influenced by passion or prejudice or committed manifest error.

ID.—REGISTRARS OF PROPERTY—OFFICE HOURS OF REGISTRARS OF PROPERTY.—A registrar of property who wilfully fails to attend punctually at his office on the days on which the law requires him to do so violates the act assigning salaries to registrars of property of March 10, 1904, as amended March 8, 1906.

ID.—SUPERFLUOUS ALLEGATION.—Superfluous allegations are considered as not having been alleged and need not be proven.

The facts are stated in the opinion.

The appellant appeared *per se.*

*Mr. Charles E. Foote, fiscal,* for The People.

MR. JUSTICE ALDREY delivered the opinion of the court.

Severo Abella Bastón was summoned before the District Court of Humacao on the charge that while holding the office of Registrar of Property of Caguas he wilfully and unlawfully failed to be at his office of said registry of property punctually on several occasions but particularly on June 28,

1911, and that on that particular day he arrived at 11.30 a. m. instead of having been there since 8 a. m.

Abella Bastón made several objections to the complaint but they were overruled, and upon the trial being held he was found guilty of the offense with which he was charged and sentenced to pay a fine of $100.

According to the Act approved March 10, 1904, entitled "An Act assigning salaries to the registrars of property, and for other purposes," as amended by the Act of March 8, 1906, the registrars of property shall keep their offices and archives open to the public every day except Sundays and legal holidays from 8 a. m. to 11 a. m. and from 1 p. m. to 4. p. m. except on Saturdays, when they shall remain open to the public only in the mornings; and it shall be the duty of the registrars to be present in their offices punctually, and they shall not absent themselves without due leave of absence, which may be granted by the judge of the district court for a period not exceeding eight days, or by the Attorney General when it is for a longer period; and that all violations of that law shall be punished by a fine of $100 for the first time, by a larger sum the second time, and by dismissal from service for a third offense.

In the case at bar the secretary of the court below sent up two transcripts of the record, the object of the second being to correct certain errors in the first, according to the statement made by the secretary, and although the second transcript does not contain a copy of the judgment, which the first transcript does, we will take it into consideration. Both transcripts differ as to the language used by the judge in his approval of the statement of the case; but assuming the second transcript to be correct in view of the fact that it was intended to correct errors contained in the previous one, we find that the certificate of the judge expressing his approval does not contain all that is necessary, as held by this court in *López* v. *The American Railroad Company,* 11 P. R. R., 148.

In that certificate the judge simply states that his purpose in approving the statement of the case is that it may be used in connection with the appeal taken to this court, when what he should have stated is that he gave it his approval because the facts stated therein conform to those which transpired in the course of the trial, and in case the appellant should file it both as a statement of the case and as a bill of exceptions because it contained all the evidence introduced at the trial as well as the exceptions noted.

But leaving aside such defects, inasmuch as the evidence is contradictory and no allegation has been made that in weighing the same the judge was influenced by passion or prejudice or committed manifest error, we hold that the prosecution has proven the charges filed against the appellant.

All that is left for us to do is to examine the objections raised by the registrar and one exception noted by him while the trial was in progress.

The registrar maintained before the court below that the facts as they are set forth in the complaint do not constitute an infringement of the law relating to the subject, inasmuch as the fact that on one single day he arrived at his office at 11.30 a. m., instead of at 8 a.m., cannot be held to signify that he has failed to attend his office punctually.

In requiring registrars to be present in their offices punctually the law clearly exacts that they shall be present in their offices every day punctually at the hours fixed, and no part of its provisions would warrant a contrary view to be taken. Therefore, the registrar having been charged by the prosecution with having on a certain day wilfully arrived at his office at 11.30 a. m. when to comply with the law he should have been there at 8 a. m., it is evident that he is charged with an infraction which was foreseen and for which the statute provides a penalty.

It was also alleged by the registrar that the complaint was ambiguous and doubtful because it failed to give the dates

of the several occasions upon which he had failed previously to be present in his office punctually, when such specification was necessary to constitute a specific circumstance; and he further alleged that he was charged in the information with more than one offense.

As before stated by us, the offense with which the registrar was charged was committed when he wilfully absented himself from the office only once; hence the allegation in the information that the registrar also failed to be present in his office punctually on several other occasions prior to the day specified may be considered as surplusage inasmuch as it does not in any way alter or change the import of the essential allegation, and whether omitted or not proven does not affect the accusation nor the punishment.

According to section 83 of the Code of Criminal Procedure, superfluous allegations do not prejudice the rights of the accused essentially nor render an information insufficient.

It being unnecessary that superfluous allegations be proven the court below did not err in sustaining the objection made by the *fiscal* of the court to the testimony of the witness Mena as to whether or not he knew that the registrar, the appellant herein, had been present punctually in his office prior to June 28, which is the specific date given in the information; for it mattered little whether he had or had not if the fact that he had wilfully failed to be present punctually on the said 28th was true.

For the foregoing reasons the judgment appealed from should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary and del Toro concurred.

Mr. Justice Wolf dissented.